United States Court of Appeals,

Eleventh Circuit.

Nos. 94-7138, 94-7155.

Larry ROE, Perry O. Hooper, Sr., James D. Martin, Plaintiffs-Appellees,

v.

STATE OF ALABAMA, By and Through its Attorney General James EVANS, Defendant-Appellant,

James Bennett, Honorable Alabama Secretary of State, Defendant-Appellant.

John W. Davis, a representative of a class of persons who have sought to have their ballots counted in an action in the Circuit Court of Coosa County, Alabama, Defendant-Appellant,

Mobile County Appointing Board, Lionel W. Noonan, Defendants,

Wilcox County Appointing Board, Jerry Boggan, Defendants-Appellants,

O.P. Woodruff, Honorable Probate Judge of Lowndes County, Willie Vaughner, Honorable Sheriff of Lowndes County, et al., Defendants,

Elsie Davis, Honorable Circuit Clerk of Lowndes County, W.A. Kynard, Honorable Circuit Clerk of Dallas County, Mary C. Moore, Honorable Circuit Clerk of Perry County, Curtis J. Elzie, Honorable Circuit Clerk of Bullock County, David S. Nix, Honorable Circuit Clerk of Barbour County, Devon Kiker, Honorable Circuit Clerk of Russell County, Eddie D. Mallard, Honorable Circuit Clerk of Macon County, Debra P. Hackett, Honorable Circuit Clerk of Montgomery County, Barbara Craft, Honorable Circuit Clerk of Calhoun County, Polly Conradi, Honorable Circuit Clerk of Jefferson County, Billy S. Yates, Honorable Circuit Clerk of Etowah County, Earl Carter, Honorable Circuit Clerk of Jefferson County, Bessemer Division, Carolyn M. Smith, Honorable Circuit Clerk of Cherokee County, Jean Browning, Honorable Circuit Clerk of St. Clair County, Samuel L. Grice, Honorable Circuit Clerk of Talladega County, Jackie Calhoun, Honorable Circuit Clerk of Baldwin County, Jackie B. Howard, Honorable Circuit Clerk of Washington County, Susan F. Wilson, Honorable Circuit Clerk of Mobile County, Donald R. Gibson, Honorable Circuit Clerk of Choctaw County, Wayne Brunson, Honorable Circuit Clerk of Clarke County, John Sawyer, Honorable Circuit Clerk of Monroe County, James D. Taylor, Honorable Circuit Clerk of Escambia County, Brenda M. Peacock, Honorable Circuit Clerk of Pike County, Ann W. Tate, Honorable Circuit Clerk of Crenshaw County, Bobby T. Branum, Honorable Circuit Clerk of Butler County, Jean E. Riley, Honorable Circuit Clerk of Conecuh County, Julia L. Trant, Honorable Circuit Clerk of Houston County, Jim Ellis, Honorable

Circuit Clerk of Coffee County, Roger A. Powell, Honorable Circuit Clerk of Covington County, Connie Burdeshaw, Honorable Circuit Clerk of Henry County, Willie Powell, Honorable Circuit Clerk of Wilcox County, Veleria Thomley, Honorable Circuit Clerk of Geneva County, Bettye B. Garrett, Honorable Circuit Clerk of Dale County, Vinita B. Thompson, Honorable Circuit Clerk of Walker County, James E. Renfroe, Honorable Circuit Clerk of Fayette County, Carl F. Woods, Honorable Circuit Clerk of Lamar County, Seyaine Sealy, Honorable Circuit Clerk of Marengo County, Jack T. Pate, Honorable Circuit Clerk of Pickens County, Johnnie Knott, Honorable Circuit Clerk of Greene County, Carole Smith, Honorable Circuit Clerk of Sumter County, Betty Gayle Pate, Honorable Circuit Clerk of Hale County, Kim S. Benefield, Honorable Circuit Clerk of Randolph County, Frank Lucas, Honorable Circuit Clerk of Tallapoosa County, Fred Posey, Honorable Circuit Clerk of Autauga County, Horace D. Perry, Honorable Circuit Clerk of Cleburne County, Robert Giddens, Honorable Circuit Clerk of Clay County, Phyllis Cumbee, Honorable Circuit Clerk of Chambers County, Earl Sayers, Honorable Circuit Clerk of Elmore County, Dan Reeves, Honorable Circuit Clerk of Shelby County, Doris T. Turner, Honorable Circuit Clerk of Tuscaloosa County, Mike Smith, Honorable Circuit Clerk of Chilton County, Gerald D. Parker, Honorable Circuit Clerk of Coosa County, R.L. Foster, Honorable Circuit Clerk of Bibb County, Billy D. Harbin, Honorable Circuit Clerk of Madison County, Jimmy Lindsey, Honorable Circuit Clerk of DeKalb County, Jean Albert Scott, Honorable Circuit Clerk of Marshall County, Charles Page, Jr., Honorable Circuit Clerk of Limestone County, Leonard V. Griggs, Honorable Circuit Clerk of Jackson County, J.T. Newton, Honorable Circuit Clerk of Franklin County, James O. Garrard, Honorable Circuit Clerk of Marion County, W.F. Bailey, Honorable Circuit Clerk of Winston County, Robert G. Bates, Honorable Circuit Clerk of Cullman County, Michael E. Criswell, Honorable Circuit Clerk of Blount County, C. Phillip Bowling, Honorable Circuit Clerk of Colbert County, Kenneth C. Austin, Honorable Circuit Clerk of Lauderdale County, W. Larry Smith, Honorable Circuit Clerk of Lawrence County, Cleo D. Teague, Honorable Circuit Clerk of Morgan County, Defendants-Appellants.

April 26, 1995.

Appeal from the United States District Court for the Southern District of Alabama (No. CV 94-885-AH-S); Alex T. Howard, Jr., Judge.

Before TJOFLAT, Chief Judge, EDMONDSON and BIRCH, Circuit Judges.

PER CURIAM:

Following oral argument, we certified the following question to the Supreme Court of Alabama:

WHETHER ABSENTEE BALLOTS THAT, ON THE ACCOMPANYING AFFIDAVIT ENVELOPE, FAIL TO HAVE TWO WITNESSES AND LACK PROPER

NOTARIZATION (FOR EXAMPLE, BALLOT ENVELOPES THAT HAVE ONLY A SIGNATURE OR ONLY ONE WITNESS, OR ON WHICH THE VOTER AND THE NOTARY HAVE SIGNED THE BALLOT BUT THE NOTARY FAILS TO FILL IN THE "TITLE OF OFFICIAL") MEET THE REQUIREMENTS OF ALABAMA LAW, SPECIFICALLY ALABAMA CODE SECTION 17-10-7, TO BE LEGAL BALLOTS DUE TO BE COUNTED IN THE NOVEMBER 8, 1994 GENERAL ELECTION.

*Roe v. Alabama,* 43 F.3d 574, 583 (11th Cir.1995). The Supreme Court of Alabama has answered in the affirmative. *Roe v. Mobile County Appointment Bd.,* --- So.2d ---- (Ala.1995) (slip op. 1940461, March 14, 1995).

We remand these proceedings to the district court for a trial on the merits. The court should address, and make findings of fact on, the following issues:

1. The extent to which, if at all, ballots such as the ballots at issue in this case (the "contested absentee ballots") [1] were regularly excluded from the vote count in Alabama counties prior to the November 8 election and, if so, in which counties;

2. The extent to which, if at all, ballots such as the contested absentee ballots were regularly counted in Alabama counties prior to the November 8, 1994 election and, if so, in which counties;

3. In any county in which ballots such as the contested absentee ballots were regularly counted prior to the November 8 election, whether contested absentee ballots were counted in that county on November 8;

4. In any county in which ballots such as the contested

---

[1]"Contested absentee ballots," as we defined them in our previous opinion, are those absentee ballots that were accompanied by an affidavit envelope that was signed by the voter but either: (1) was not properly notarized; or (2) was not properly witnessed by two adult witnesses. *See Roe,* 43 F.3d at 578 n. 5.

absentee ballots were regularly counted prior to the November 8 election, whether a reasonable absentee voter in that county knew or should have known that such ballots were counted;

5. In any county in which ballots such as the contested absentee ballots were counted prior to the November 8 election and in which a reasonable voter in that county knew or should have known that such ballots were counted, the source of information regarding the practice from which a reasonable voter learned or should have learned of the practice;

6. In any county in which ballots such as the contested absentee ballots were regularly counted prior to the November 8 election:

   a. The percentage of total votes for statewide office cast by absentee ballot (both contested and other) and the percentage of total votes cast by contested absentee ballot in the November 8 election in that county; and

   b. The percentage of total votes for statewide office cast by absentee ballot (whether the affidavit was complete or not) in the previous two elections for statewide office in that county;

7. Whether state officials such as the Attorney General of Alabama or the Secretary of State of Alabama have taken consistent positions regarding whether ballots such as the contested absentee ballots are to be counted or excluded and, if so, the form in which such positions were communicated to the average voter or county voting official and the time at which such positions were taken;

8. Whether county voting officials charged with running the elections instructed prospective voters that ballots such as the contested absentee ballots might be counted and, if so, the extent of this practice on the part of county voting officials;

9. Whether the 1994 written absentee ballot instructions to voters stated that ballots lacking proper notarization and the signatures of two adult witnesses would not be counted, the precise words used in such written instructions, and whether a reasonable voter could have understood the written instructions to be aspirational rather than mandatory;

10. The number of votes initially certified[2] to the Secretary of the State of Alabama from each of Alabama's sixty-seven counties in favor of Sonny Hornsby, the Democratic candidate for Chief Justice of the Supreme Court of Alabama;

11. The number of votes initially certified to the Secretary of the State of Alabama from each of Alabama's sixty-seven counties in favor of Perry O. Hooper, Sr., the Republican candidate for Chief Justice of the Supreme Court of Alabama;

12. The number of votes initially certified to the Secretary of the State of Alabama from each of Alabama's sixty-seven counties in favor of candidates for Chief Justice other than Sonny Hornsby or Perry O. Hooper, Sr., if any;

13. The number of votes initially certified to the Governor of the State of Alabama from each of Alabama's sixty-seven counties in favor of Lucy Baxley, the Democratic candidate for Treasurer of the

---

[2]The "number of votes initially certified" includes those vote totals originally sent to the Secretary of State or the Governor pursuant to sections 17-13-7 and 17-14-22 of the Alabama Election Code *before* the Montgomery County Circuit Court ordered that contested absentee ballots be counted. *See Odom v. Bennett,* No. 94-2434-R (Montgomery County Cir.Ct., filed Nov. 16, 1994); *see generally* Ala.Code §§ 17-13-7, 17-14-22 (1988). In addition, the district court should ascertain the effect of any supplemental certifications that were made for any reason *other than* to comply with the *Odom* court's order.

State of Alabama;

14. The number of votes initially certified to the Governor of the State of Alabama from each of Alabama's sixty-seven counties in favor of James D. Martin, the Republican candidate for Treasurer of the State of Alabama;

15. The number of votes initially certified to the Governor of the State of Alabama from each of Alabama's sixty-seven counties in favor of candidates for Treasurer other than Lucy Baxley or James D. Martin, if any;

16. Whether any of the vote totals initially certified from any county contained any contested absentee ballots and, if so,

a. Whether there exists a previous official vote count from that county, or those counties, that reliably tabulated the votes without including the contested absentee ballots, i.e., a tabulation of voting booth ballots and uncontested absentee ballots;

b. The number of contested absentee ballots contained in the county's, or counties', initial vote total(s), if calculable, and the number of contested absentee ballots contained in the statewide initial vote total, if calculable;

17. If any of the vote totals initially certified from each county contained contested absentee ballots, whether those contested absentee ballots are in any way physically separable from the larger pool of ballots, and, if not, whether there exists any other method, short of obtaining the testimony of each voter who cast a contested absentee ballot, of identifying and counting contested absentee ballots for purposes of determining the effect of the contested absentee ballots on the elections for the offices of Chief Justice and Treasurer.

In addressing these issues, the district court should be cognizant of the purpose of this court's remand: The parties

should have a speedy trial to determine the practice in Alabama regarding the counting of contested absentee ballots prior to the November 8 election, to determine the extent to which such practice was known to reasonable absentee voters in Alabama, and to determine what effect, if any, the contested absentee ballots had on the outcome of the elections for Chief Justice and Treasurer. This court is particularly concerned with the possible effect of any contested absentee ballots included in initial certifications. In setting out issues that we think will require factfinding after trial, we do not limit the authority of the district court to order other issues tried and to find additional facts. We note in passing that the plaintiffs, the Davis class, and the state defendants (including the Secretary of State) may be able to establish certain facts by stipulation.

The district court's preliminary injunction, as modified by our previous order, is affirmed. *See Roe,* 43 F.3d at 583.

IT IS SO ORDERED.